| JETERS, J.
In this workers’ compensation case, the employee, Steven Norris, appeals the denial of penalties and attorney fees in connection with the failure of his former employer, KAW Transport, Inc. (KAW), and its compensation insurer, Great West Casualty Company (Great West), to authorize medical treatment recommended by his treating physician.
DISCUSSION OF THE RECORD
In the early part of November 1997, KAW hired Norris to work as a driver. On December 2, 1997, he and his team driver, Wanda Larche, left Shreveport, Louisiana, for Tallahassee, Florida, in a tractor-trailer rig carrying a load of refined oil. As Larche was driving, Norris went to sleep in the sleeper compartment of the vehicle. As Norris slept, Larche drifted off the roadway and hit a guardrail. The vehicle flipped over on its right side, skidded down the highway, and then flipped completely over. As a result, the sleeper compartment was partially separated from the truck.
^Following the accident, Norris’ terminal manager took him to Madison Parish Hospital in Tallulah, Louisiana, where it appears that X-rays were taken that revealed a narrowing at C6-7 and straining of the lordotic curve. Norris was treated and released. Norris testified that to his knowledge, medical expenses associated with his treatment at the hospital were paid, and KAW/Great West indicated in its response to requests for production that it paid those medical expenses in the amount *244 of $343.30.[1] Norris worked for KAW for four or five days after the accident and then went to work for another company as a driver.
According to Norris, after the accident, he continued to have pain and numbness in the left upper portion of his back, which extended through his left shoulder to his hand. He testified that he had not experienced any problems in that area of his back prior to the accident. Norris testified that he thought his symptoms would go away, so he did not seek further medical treatment in connection with the accident until April 3, 1998, at which time he saw Dr. David H. Steiner, a Leesville, Louisiana orthopedic surgeon. Dr. Steiner took additional X-rays, which revealed the same narrowing as in the previous X-rays as well as arthritic changes in the joints at C5-6 and C7, although the alignment of the cervical spine seemed to be improved at that time. Dr. Steiner diagnosed Norris as having degenerative disc disease at C6-7 and osteoarthritis at C5-6 and C6-7. It was his opinion that if the degenerative disc disease had been asymptomatic prior to the accident, then more probably than not the accident aggravated that condition. Dr. Steiner recommended an MRI and EMG of the cervical spine and prescribed medication. KAW/Great West did not pay for the medical expenses associated with that visit and refused to authorize the diagnostic |3tests.
On April 8, 1998, Norris filed the instant claim, seeking “[ajpproval of medical treatment for accident related injuries.” After a hearing on the matter, the workers’ compensation judge found that Norris sustained injuries as a result of the work-related accident and that he was entitled to medical benefits to determine the extent of his complaints of pain. Further, the workers’ compensation judge ordered KAW/Great West to pay all medical bills previously paid by Norris, but she denied penalties and attorney fees, finding that KAW/Great West had reasonably controverted the claim. Norris appeals the denial of penalties and attorney fees.
OPINION
KAW/Great West paid the medical expenses in connection with the initial treatment at Madison Parish Hospital. According to answers of KAW/Great West to interrogatories propounded by Norris, KAW/Great West discontinued payment of benefits primarily because Norris “continued working after the incident without any complaints known to defendant about the physical problems other than his knee.”[2]
In Williams v. Rush Masonry, Inc., 98-2271 (La.6/29/99); 737 So.2d 41, the supreme court explained that La.R.S. 23:1201.2, as amended by Acts 1995, No. 1137, § 1, effective June 29, 1995, rather than La.R.S. 23:1201, now governs the discontinuance of payment of claims due and arising under Workers’ Compensation Law. La.R.S. 23:1201.2, as amended, provides in part:
Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of all reasonable attorney fees for the prosecution and collection of such claims.... The provisions of R.S. 22:658(C) shall |4be applicable to claims arising under this Chapter.
In other words, as stated by the supreme court in Williams, only attorney fees, and not penalties, generally are now recoverable under La.R.S. 23:1201.2 if the employer or insurer arbitrarily discontinues payment of benefits due, except that penalties may be assessed against only the insurer under La.R.S. 22:658(C), which is not ap *245 plicable under the facts of this case.[3] Because this case involves the discontinuance of the payment of benefits, penalties are not available to Norris for KAW/Great West’s actions in that regard.
Rather, the inquiry is whether KAW/Great West acted arbitrarily, capriciously, or without probable cause in discontinuing the payment of benefits so as to warrant the imposition of attorney fees. “Arbitrary and capricious behavior consists of willful and unreasoning action, without consideration and regard for facts and circumstances presented, or of seemingly unfounded motivation.” Brown v. Texas-LA Cartage, Inc., 98-1063, p. 8 (La.12/1/98); 721 So.2d 885, 890. The fact that the employer is subjectively motivated to avoid paying compensation is not determinative of the issue, and neither is the fact that the employer loses a disputed claim. Williams, 737 So.2d 41. “The employer must adequately investigate the claim, and the crucial inquiry is whether the employer had an articulable and objective reason for denying or discontinuing benefits at the time it took that action.” Id. at 46.
In the instant case, Dr. Steiner issued a report dated April 3, 1998, in which he recorded Norris’ symptoms and gave a diagnosis of degenerative disc disease at C6-7 and osteoarthritis at C5-6 and C6-7. The report also contained a history of the work | ^accident consistent with Norris’ testimony at the hearing and stated that Norris had no history of neck or back problems. Dr. Steiner expressed in the report that he was “concerned about the numbness that comes and goes. This could possibly mean that he may have a ruptured disc. Therefore, it is recommended that he be scheduled for a[sie] MRI of the cervical spine and an EMG of the upper extremities.” KAW/Great West refused to pay further medical expenses because Norris continued to work without any complaints known to KAW/Great West regarding the condition of his back. This reasoning is circular because the complaints were made known to KAW/Great West through Dr. Steiner’s report, yet KAW/Great West refused to authorize the very medicals called for in the report because Norris had not made known any complaints in that regard. According to Norris, he did not seek further medical treatment in connection with the accident until April 3, 1998, because he thought his symptoms would go away. The four-month interval between the accident and the subsequent medical treatment was not of such length, without more, as to call into question the validity of the claim.
The instant case is not one in which there is a closely disputed factual issue. Rather, this case is one in which KAW/ Great West failed to adequately investigate the claim and in which the denial of the claim for medicals was not based on an articulable and objective reason but on a conclusion made without considering the facts and circumstances presented. Therefore, we find that the workers’ compensation judge was clearly wrong in failing to award attorney fees, and we award attorney fees of $3,000.00 in connection with the claim.
DISPOSITION
For the foregoing reasons, we reverse that portion of the judgment denying | fiattorney fees and award attorney fees of $3,000.00. Additionally, we affirm the judgment in all other respects. We assess costs of this appeal to KAW/Great West.
REVERSED IN PART; RENDERED IN PART; AFFIRMED IN PART.

. The response to Norris’ request for production of documents was admitted into evidence as Plaintiff's Exhibit 7.

. The answers to the interrogatories propounded by Norris were admitted into evidence as Plaintiff's Exhibit 7.

. La.R.S. 22:658(C) provides for penalties for the failure to properly make out a check or draft and for the failure to timely process properly executed and endorsed drafts or checks issued in settlement of a claim.